**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DR. FORD ALBRITTON IV**, § <br> § <br> Plaintiff, § <br> § **Civil Action No. 3:16-cv-03340-M** <br> v. § <br> § <br> **ACCLARENT, INC.,** § <br> § <br> Defendant. § **JURY TRIAL** <br> § <br> § <br> § <br> § | |

**DEFENDANT ACCLARENT, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION REQUESTING A RULE 16 SCHEDULING CONFERENCE**

**INTRODUCTION**

Plaintiff's Motion Requesting a Rule 16 Scheduling Conference seeks to trigger the "meet and confer" process of Rule 26(f), which in turn would open the floodgates to discovery and other obligations of the parties, e.g., infringement and invalidity contentions. *See* Miscellaneous Order No. 62. But Defendant has filed a motion to dismiss all of Plaintiff's claims without leave to amend, and that motion remains pending. Plaintiff has failed to plausibly allege its central patent infringement causes of action. Indeed, the implausibility of Defendant's accused products meeting one of the limitations of the asserted claims remains undisputed, and the implausibility of Defendant's accused products meeting another is clearly demonstrated by the Complaint's own images of Defendant's products. (*See* Dkt. 12 at 13-23; Dkt. 19 at 7-9.) Until that motion is decided, this Court's and the parties' resources should not be wasted on discovery into causes of action that likely will be dismissed.

Accordingly, Acclarent opposes Plaintiff's Motion and, alternatively, moves for a stay of discovery.

**ARGUMENT**

This Court's Case Management Procedures[1] prioritize judicial economy by instructing "[o]nce the Answer is filed, the Judge issues an order requiring the parties to confer to prepare a Joint Report [i.e., hold the Rule 26(f) conference]." Acclarent understands this as ordering a Rule 26(f) conference only after a pending motion to dismiss has been decided. *See Business Process Modeling Solutions LLC v. Red Hat, Inc.*, No. 3:12-cv-00999-M (Dkt. 45) (staying discovery *sua sponte* "[i]n light of the pending Motion to Dismiss"); *Heat On-The-Fly, LLC v. Enservco Corp.*, No. 3:14-cv-03631-M (Dkt. 60) (staying discovery until resolution of motion to dismiss).

---

[1] http://www.txnd.uscourts.gov/judge/chief-district-judge-barbara-mg-lynn

Plaintiff instead relies on Rule 16(b)(2) without reference to Rule 16(b)(2)'s good cause provision. Good cause exists for the scheduling order to be issued only after the Court rules on the pending motion to dismiss. The Advisory Committee Notes on the 2015 Rule 16 Amendment cautions "[l]itigation involving complex issues, multiple parties, and large organizations, public or private, may be more likely to need extra time." Plaintiff chose to bring "litigation involving complex issues," i.e., six causes of action spanning breach of contract, fraud, and patent infringement, against Acclarent, a large organization (as part of the Johnson & Johnson family of companies).

The complex issues in this case may soon be narrowed or dismissed entirely as a result of the pending motion to dismiss, and discovery into potentially irrelevant issues would waste both the parties' and the Court's limited resources. Judicial economy further provides good cause for delaying the Rule 16 conference and staying discovery. *See Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990) (discovery stay appropriate when "trial court sought to resolve an issue that might preclude the need for the discovery altogether thus saving time and expense."); *see also Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.").

Finally, Plaintiff's deficient patent infringement allegations undermine his premature request for discovery. Recognizing the likelihood of dismissal, Plaintiff preemptively requested leave to amend his Complaint in the alternative. (Dkt. 17 at 21.) Rewarding Plaintiff's deficient patent infringement allegations with discovery and the potential to replead gives Plaintiff freedom to engage in the "fishing expedition" cautioned against by courts. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed

2

with nothing more than conclusions."); *Karl Storz GmbH & Co. v. Integrated Med. Sys.*, No. 10-cv-03547, 2011 WL 13134015, at *3 (N.D. Ala. June 30, 2011) ("plaintiff asks the court, alternatively, to order defendant to respond to discovery and then allow it leave to file an amended pleading incorporating information obtained from the discovery . . . This court simply cannot allow plaintiff to embark on a fishing expedition to ascertain if, in fact, it has an infringement claim.").

Acclarent respectfully requests that this Court deny Plaintiff's Motion and schedule any Rule 16 or Rule 26(f) conference only after resolution of the pending motion to dismiss. In the alternative, Acclarent requests a stay of discovery.

Dated:  March 18, 2017        Respectfully submitted,

       **COUNSEL FOR DEFENDANT**

/s/  William B. Dawson
William B. Dawson
TX State Bar No. 05606300
wdawson@gibsondunn.com
Tracey B. Davies
TX State Bar No. 24001858
tdavies@gibsondunn.com
Andrew Lin
TX State Bar No. 24092702
alin@gibsondunn.com
GIBSON DUNN & CRUTCHER, LLP
2100 McKinney Ave, Suite 1100
Dallas, Texas  75201
Telephone:  214.698.3100
Facsimile:  214.571.2900

William C. Rooklidge,
CA State Bar No. 134483
wrooklidge@gibsondunn.com
Frank P. Cote
CA State Bar No. 204529
fcote@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, California  92612
Telephone:  949.451.3800
Facsimile:  949.451.4220

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of March, 2017, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's ECF system.

       */s/* William B. Dawson
       William B. Dawson