# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| DR. FORD ALBRITTON IV<br><br>Plaintiff,<br><br>v.<br><br>ACCLARENT, INC.,<br><br>Defendant. | Civil Action No. 3:16-cv-03340-M<br><br>JURY TRIAL |

## SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

At the October 24, 2017 hearing on Defendant Acclarent's Motion to Dismiss Dr. Albritton's First Amended Complaint, Acclarent presented—for the first time—additional authority purportedly supporting its statute of limitations defense. The Court granted Dr. Albritton leave to address Acclarent's late-disclosed cases.

These cases fail to establish that the statute of limitations bars Dr. Albritton's contract and fraud claims. Acclarent argues that all claims must have accrued when Acclarent first used Dr. Albritton's confidential information in its patent application, and no later breaches are relevant to the limitations analysis. Acclarent's cases all stand for the unremarkable proposition that under trade secret law, misappropriation is not considered a continuing tort. As an initial matter, *Intermedics* and *Forcier* were decided on summary judgment. *Athletic Alternatives* and *Monolith* were decided on appeal, after a full factual record had been established at trial. None of Acclarent's newly-cited cases were decided at the motion to dismiss stage under a plausibility standard where all reasonable inferences should be made in plaintiff's favor. *Mobile Enhancement Sol'ns LLC v. HTC Corp.*, 2013 U.S. Dist. LEXIS 182956, *8 (N.D. Tex. 2013).

1

Acclarent's cases are thus procedurally distinguishable and do not provide a basis for granting Acclarent's Motion.

These cases are factually distinguishable as well. Acclarent's cases all relate to trade secret misappropriation, and the courts applied provisions of the Uniform Trade Secrets Act ("UTSA") and public policy on trade secret protection to their limitations analysis. In contrast, Dr. Albritton's case is not governed by the UTSA or any trade secret statute, and thus the reasoning in the cited cases is not applicable here. In *Intermedics,* the initial bad act at issue was two former employees' disclosure of confidential information to their new employer, who later incorporated the confidential information into various products. 822 F.Supp. 634, 637 (N.D. Cal. 1993). Here, on the other hand, Acclarent committed multiple, separate breaches of contract by using Dr. Albritton's confidential information in independent disclosures. One such disclosure – Acclarent's use of Dr. Albritton's ideas in its patent application – was concealed from Dr. Albritton for years by Acclarent's misrepresentations. A later disclosure – the use of Dr. Albritton's ideas in the Relieva Spin device – was discoverable when the device entered the market. Later still, Dr. Albritton's breach claim for Acclarent's failure to assign the '473 Patent to him accrued in 2013 when the patent was issued. *See Pei-Hreng Hor v. Ching-Wu Chu*, 699 F.3d 1331, 1334 (Fed. Cir. 2012). Finally, none of the plaintiffs in these cases pled fraudulent concealment, which Dr. Albritton contends tolled the running of the statute of limitations in this case. Acclarent's new cases[1] therefore do not alter the fact that Dr. Albritton has sufficiently pled his causes of action and Acclarent's Motion should be denied.

---

[1] Acclarent provided the Court with a binder of slides and new cases at the hearing. Though it was not featured on a slide or in oral argument, the case *Daboub v. Gibbons* was also included in this binder. This case is similarly irrelevant as it addresses the distinction between continuing damages and a continuing tort. 42 F.3d 285 (5th Cir. 1995). Dr. Albritton does not allege a continuing tort, but rather separate and independent breaches by Acclarent.

Dated: October 26, 2017.                           **McKool Smith, P.C.**

/s/ *Ashley N. Moore*
Ashley N. Moore
Texas State Bar No. 24074748
amoore@McKoolSmith.com
Travis E. DeArman
Texas State Bar No. 24074117
tdearman@McKoolSmith.com
Meredith Elkins
Texas State Bar No. 24084584
melkins@McKoolSmith.com
**McKool Smith, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044


ATTORNEYS FOR Plaintiff
DR. FORD ALBRITTON

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served electronically on all counsel of record via the Court's ECF system on October 26, 2017.

*/s/ Ashley N. Moore*
Ashley N. Moore